FILED
2015 Jul-31  PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| ANGELA HAYES NOLEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 6:14-cv-01306-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

## I.  Introduction

The plaintiff, Angela H. Nolen, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"). Ms. Nolen timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Nolen was thirty-one years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a ninth grade education, as well as training to be a certified nurse's aide. (Tr. at 130, 134, 140.) Her past work experiences include employment as a nurse's aide and short-order cook. (Tr. at

140.) Ms. Nolen claims that she became disabled on November 15, 2009, due to bulging discs in her back. (Tr. at 134.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v.*

2

*Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See Id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See Id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Nolen meets the requirements for SSI and was insured through the date of his decision. (Tr. at 27.) He further determined that Ms. Nolen has not engaged in SGA since the alleged onset of her disability. (Tr. at 29.) According to the ALJ, Plaintiff's obesity and disorders of the back are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ did not find Ms. Nolen's allegations to be totally credible, and he determined that she has the following RFC: to perform light work with a moderate effect on her concentration occurring occasionally during an 8-hour workday; she can frequently balance, stoop, reach,

4

handle, finger, feel, and climb stairs and ramps; and while she can occasionally kneel, crouch, and crawl, she cannot climb ladders, ropes, or scaffolds. (Tr. at 30.)

According to the ALJ, Ms. Nolen is able to perform her past relevant work as a short order cook, which does not require her to perform activities precluded by her RFC. (Tr. at 34.) He determined that "transferability of job skills is not material" in this case. (Tr. at 35.) Even though Plaintiff can perform her past relevant work as a short order cook, the ALJ used Medical-Vocation Rule 201.25 as a guideline for finding that there are also a significant number of other jobs in the national economy that she also is capable of performing, such as fast food worker and a product assembler. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act" since the date the application was filed. (Tr. at 36.)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives

deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881,

883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Ms. Nolen alleges that the ALJ's decision should be reversed and remanded for one overarching reason. She believes that the ALJ failed at step three of the sequential evaluation process to adequately articulate why her impairments in combination did not meet or equal the criteria of Listing 1.04, pertaining to spine disorders. (Doc. 14 at 10.)

A plaintiff may satisfy a listing at step three of the sequential evaluation process by demonstrating that her impairment meets a listing or has symptoms that are equal in severity to those covered by the listing. *See* 20 C.F.R. § 404.1526. The evidentiary standards for presumptive disability under the listings are stricter than for cases that proceed to other steps in the sequential evaluation process because the listings represent an automatic screening based on medical findings rather than an individual judgment based on all relevant factors in a claimant's claim. *See* 20 C.F.R. §§ 416.920(d), 416.925, 416.926; *Sullivan v. Zebley*, 493 U.S. 521, 530-32 (1990).To satisfy a listing, the plaintiff, who bears the burden of proving she is disabled, must supply the necessary evidence to support a finding that she was disabled at the time in question. *See* 20 C.F.R. § 416.912(a) ("you must furnish

medical and other evidence we can use to reach conclusions about your impairment(s)"); 20 C.F.R. § 416.912(c) (plaintiff must provide evidence "showing how . . . impairment(s) affects your functioning during the time you say that you are disabled"). If a plaintiff has more than one impairment, none of which meets or equals the listing alone, the ALJ must still determine whether the combination is medically equal to the Listing. *See* 20 C.F.R. § 404.1526(a). To "equal" a listing, the medical findings must be "at least equal in severity and duration to the listed findings." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citations omitted); 20 C.F.R. §§ 416.925, 416.926. However, a plaintiff cannot meet the equivalence step by demonstrating that the overall functional impact of her unlisted impairment or combination of impairments is as severe as those covered by the listing. *Wilkinson o/b/o Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). A claimant's impairments must meet or equal *all* of the specified medical criteria in a particular listing for the claimant to be disabled at step three of the sequential evaluation process. *See Zebley*, 493 U.S. at 530-32.

Plaintiff contends that the ALJ erred by failing to articulate *why* the combined impairments did not meet or equal the criteria of Listing 1.04. Plaintiff's argument fails because the ALJ is not required to do so. An explicit explanation of why a plaintiff does not meet the requisite criteria is not necessary if the proper

procedure is followed and there is substantial evidence to support the ALJ's findings. *See Gray ex rel. Whymss v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011) (concluding that the ALJ properly cited the required steps of analysis and there was substantial evidence to support his findings, although he did not explicitly cite the listing); *Turberville ex rel. Rowell v. Astrue*, 316 F. App'x 891, 893 (11th Cir. 2009) ("We conclude that—although the ALJ did not explicitly discuss why [the claimant] did not actually meet Listing 112.05—substantial record evidence supports that [the claimant's] condition did not actually or functionally meet Listing 112.05 and, therefore, supports the ALJ's ultimate conclusion that [he] was not disabled."). Here, the ALJ explained that there was no evidence to support a finding that Plaintiff's impairments met or medically equaled any listed impairment. (Tr. at 29.) He also specifically found that her impairments did not satisfy Listing 1.04. (*Id.*) He stated his reasoning as follows: because Ms. Nolen's impairments did not result in all of the limitations outlined in the listing, they do not meet or medically equal one of the listed impairments. (*Id.*) The ALJ did not have to provide an explicit explanation of his decision; it is sufficient that the ALJ stated Ms. Nolen's impairments did not impose the same limitations as those provided in the listing and there is substantial evidence to support his findings. The ALJ's statement that Ms. Nolen's impairments do not impose the listed limitations

is an adequate articulation of an appropriate basis for his decision that Ms. Nolen's impairments do not meet Listing 1.04.

Moreover, the ALJ's conclusion that Plaintiff's impairments did not meet or equal Listing 1.04 is supported by substantial evidence from the record. The listing itself provides the qualifying criteria. *See* 20 C.F.R. § 404.1525(a). Listing 1.04 provides:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, supt. P, app. 1, § 1.04. As noted, the impairments must meet or equal *all* of the specified criteria in the listing for the claimant to be disabled at step three of the analysis. *Zebley*, 493 U.S. at 530-32. The medical records provided specifically mention that Ms. Nolen did *not* suffer any sensory or motor loss. (Tr. at 205, 209, 242.) With the absence of even one outlined limitation, such as sensory or motor loss (found in subpart A), Ms. Nolen's impairments do not meet the listing.

Plaintiff also contends that the ALJ erred in failing to seek out a medical expert's opinion as to whether her impairments equaled Listing 1.04. However, the ALJ was not required to consult a medical advisor. The use of a medical advisor to determine a listing's applicability is discretionary, not mandatory. *See* 20 C.F.R. § 416.927(e)(iii). Deciding medical equivalence is an issue reserved for the Commissioner, and in cases that proceed to the hearing level, the responsibility for deciding whether a claimant's impairments equal the criteria of a listed impairment rests with the ALJ. *See id.* §§ 416.926(e), 416.927(e)(2). Furthermore, given that Plaintiff has not identified objective medical evidence supporting each of the Listing 1.04 criteria, such as motor loss accompanied by sensory or reflex loss, a medical advisor would have served no purpose.

The Court notes that Plaintiff also states in passing that the ALJ erred in finding her testimony of disabling limitations not credible. By failing to elaborate on or provide citation for his claim, Plaintiff has waived this argument. *See N.R.L.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities are generally deemed to be waived."). If the argument had been properly raised, the Court would find it lacks merit. In assessing Plaintiff's credibility, the ALJ explained that the evidence does not support a finding that Plaintiff cannot perform light-level work. (Tr. at 32). In weighing the evidence of record, the ALJ found a significant gap in treatment immediately after Plaintiff's filing date, suggesting that her symptoms may not have been as serious as alleged. (Tr. at 33). This treatment history undermines Plaintiff's allegations of disability. *See* 20 C.F.R. § 416.929(c)(3)(iv); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding substantial evidence to discredit the claimant's testimony regarding pain where his course of treatment was conservative). Moreover, while Plaintiff testified that she had leg weakness and numerous sprained ankles, the ALJ found no support in her treatment records for this testimony. (Tr. at 33, 180-207, 216-251). The ALJ further noted that despite reporting she could only walk about 20 to 25 feet before needing to take a break, Plaintiff testified that she walked almost three times that

amount to the hearing room. (Tr. at 31, 49, 203). He also found Plaintiff's claim that she cooks for an hour while sitting down inconsistent with her testimony that she can sit for only up to 10 minutes. (Tr. at 33, 54, 150). The ALJ's consideration of Plaintiff's credibility was sufficient and supported by the evidence. *See Dyer*, 395 F.3d at 1211 (explaining that a credibility determination does not need to cite particular phrases, but it cannot merely be a broad rejection which is inadequate for the court to determine whether the ALJ considered the claimant's medical condition as a whole).

## IV.   Conclusion

Upon review of the administrative record, and considering all of Ms. Nolen's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON JULY 31, 2015.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704